# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50060 | **DATE** | 3/9/2011 |
| **CASE TITLE** | McPherron vs. Dailing, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motions to proceed in forma pauperis [3] and to expedite [4] are denied and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, Patrick S. McPherron, has filed a pro se complaint against the director of Probation Services in McHenry County, Illinois and various Chester County, Pennsylvania officials. Plaintiff brings this action under 42 U.S.C. § 1983 and pursuant to the United States Supreme Court's recent decision in Skinner v. Switzer, No. 09-9000, ___ U.S. ___, 2011 WL 767703 (March 7, 2011). Plaintiff seeks from Microsoft and Google account origination dates, passwords and secret questions and answers for certain Hotmail and Gmail e-mail accounts and an order enjoining enforcement of his convictions and other related relief.[1]

    Because plaintiff seeks leave to file this case in forma pauperis, this court must dismiss it if it determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). After careful review of Skinner and plaintiff's complaint, the court concludes that, unlike the petitioner in Skinner, plaintiff has failed to state a claim on which relief may be granted under § 1983.

    Skinner was convicted of three murders in Texas. Id. at 4. After his post-conviction efforts to obtain DNA testing pursuant to a Texas statute failed, Skinner filed a § 1983 action seeking certain evidence from defendant Switzer, the District Attorney whose office prosecuted Skinner and had custody of the evidence that Skinner wanted tested. Id. at 5. Skinner alleged that the refusal to provide the evidence for the DNA testing violated his Fourteenth Amendment right to due process. Id. Ultimately, the issue presented to the Supreme Court was: "May a convicted state prisoner seeking DNA testing of crime-scene evidence assert that claim in a civil rights action under 42 U.S.C. § 1983, or is such a claim cognizable in federal court only when asserted in a petition for a writ of habeas corpus under 28 U.S.C. § 2254?" Id. at 3. The Supreme Court held that the claim is properly pursued in a § 1983 action. Id. at 3.

    Apparently, plaintiff is attempting to draw a parallel between the e-mail account information he seeks and the biological evidence Skinner sought for DNA testing. There are, however, at least two distinguishing factors that lead this court to conclude that plaintiff, unlike Skinner, has failed to state a Fourteenth Amendment due process violation on which relief may be granted. First, unlike Skinner who alleged that the evidence he sought

| STATEMENT |
|---|

was in the custody of the defendant District Attorney, there is no allegation in plaintiff's complaint that any named defendant is in custody of the e-mail account information that plaintiff seeks. In fact, plaintiff specifically alleges that "the state has refused to <u>obtain</u> this critical evidence," presumably from Microsoft and Google. The court notes further that, even if plaintiff named Microsoft and Google as defendants in this case, a <u>Skinner</u>-type § 1983 action would not lie against them because they are not state actors who act under color of state law. <u>London v. RBS Citizens, N.A.</u>, 600 F.3d 742, 746 (7th Cir. 2010) (indicating that "§ 1983 actions may only be maintained against defendants who act under color of state law").

     Second, unlike the evidence sought in <u>Skinner</u>, the potential exculpatory nature of which was evident, plaintiff's complaint fails to plausibly allege that the e-mail account information he seeks would exonerate him of the computer crimes for which he was convicted. Plaintiff alleges that his ex-wife, the alleged victim of his computer crimes, testified that there was no way plaintiff would know the passwords decided upon on the date the accounts were set up. Plaintiff alleges further that he most certainly did know the passwords and "identified as much at trial." What plaintiff fails to allege, however, is that his knowledge of the passwords would give him authority to access the accounts.[2]

     Having concluded that plaintiff has failed to state a <u>Skinner</u>-type § 1983 claim for production of the e-mail account information, all that remains is his request that this court enjoin enforcement of his Pennsylvania convictions. However, under the <u>Rooker-Feldman</u> doctrine, district courts lack subject matter jurisdiction to overturn state court judgments because 28 U.S.C. § 1257 vests that authority solely in the United States Supreme Court. The Supreme Court in <u>Skinner</u> held that Skinner's § 1983 action was not barred by the <u>Rooker-Feldman</u> doctrine because Skinner did not challenge the adverse decisions of the Texas courts themselves but, rather, the statute the Texas courts authoritatively construed. <u>Skinner</u>, 2011 WL 767703, at *7. The court explained that "a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." <u>Id.</u> In this case, plaintiff challenges his Pennsylvania convictions, not any statute or rule construed during the proceedings leading to his convictions. Therefore, plaintiff's action is barred under the <u>Rooker-Feldman</u> doctrine. Consequently, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

---

1. Plaintiff does not specifically identify the convictions to which he refers but the court is aware from other lawsuits filed by plaintiff that he is serving a 77-year term of probation resulting from multiple convictions in the Commonwealth of Pennsylvania for unlawful use of a computer, 18 Pa.C.S.A. § 7611(a)(2), related to unauthorized access to his ex-wife's e-mail accounts. That probation was apparently transferred to McHenry County, Illinois for supervision.

2. It is not likely plaintiff could make such an allegation because he has not established that knowledge of a password is equivalent to authorization under the Pennsylvania statute he was convicted of violating, which provides that "[a] person commits the offense of unlawful use of a computer if he . . . intentionally and without authorization accesses or exceeds authorization to access . . . any computer, computer system, computer network, computer software, computer program, computer database, World Wide Web site or telecommunication device or any part thereof." 18 Pa.C.S.A. § 7611(a)(2).